UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN ANDREW BORSKEY, JR., Plaintiff | CIVIL ACTION NO. 1:17-CV-451-P |
| VERSUS | CHIEF JUDGE DRELL |
| MATT DAUZAT, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff John Andrew Borskey, Jr. ("Borskey"). Borskey has been granted leave to proceed *in forma pauperis*. (Doc. 11). Borskey is being detained at the Grant Parish Detention Facility ("GPDF") in Colfax, Louisiana. Borksey names as defendants Matt Dauzat, Pat Ashley, Mrs. Cindy, Jody Bullock, and Nurse Jason. Borskey complains that he was denied adequate medical care while detained at GPDF and the Rapides Parish Detention Center ("RPDC").

I. Background

Borskey alleges he suffers from COPD and Hepatitis C. (Doc 5, p. 3). Borskey also claims to experience chest pain, dizziness, and numbness of his limbs and face. (Doc. 5, p. 3). Borskey alleges he was not provided with proper medical treatment at GPDF and RPDC.

II. Instructions to Amend

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Borskey must amend his complaint and provide:

(1) the name(s) of EACH person who allegedly violated Borskey's constitutional rights;

(2) a description of what actually occurred AND what EACH defendant specifically did to violate Borksey's rights;

(3) the place and date(s) that EACH event occurred; and

(4) a description of the injury sustained as a result of EACH alleged violation.

Additionally, Borskey must amend his complaint to allege deliberate indifference by each Defendant. Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752,

756 (5th Cir. 2001) (quoting <u>Johnson v. Treen</u>, 759 F.2d 1236, 1238 (5th Cir. 1985)). Borskey must amend and state when he sought and was refused medical treatment, for what illness or injury, by whom treatment was denied, and what injury Borskey suffered as a result of the deprivation. Borskey must provide allegations of deliberate indifference regarding his serious medical needs.

III.  Conclusion

**IT IS ORDERED** that Borskey amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 31st day of July, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge