UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN ANDREW BORSKEY JR., Plaintiff | CIVIL ACTION NO. 1:17-CV-451-P |
| VERSUS | CHIEF JUDGE DRELL |
| MATT DAUZAT, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff John Andrew Borskey Jr. ("Borskey"). Borskey has been granted leave to proceed *in forma pauperis*. (Doc. 11). Borskey is being detained at the Rapides Parish Detention Center ("RPDC") in Alexandria, Louisiana. Borskey names as defendants Matt Dauzat, Pat Ashley, Mrs. Cindy, Jody Bullock, and Nurse Jason. Borskey complains that he was denied adequate medical care while detained at the Grant Parish Detention Facility ("GPDF") and RPDC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### I. Background

Borskey alleges he suffers from COPD and Hepatitis C. (Doc 5, p. 3). Borskey also claims to experience chest pain, dizziness, and numbness of his limbs and face. (Doc. 5, p. 3). Borskey alleges he was not provided with proper medical treatment at GPDF and RPDC.

In his amended complaint, Borskey alleges he was treated by Nurse Cindy during his first month at RPDC. (Doc. 16). A urine sample showed a high protein count, and Borskey's oxygen saturation level was 92%. (Doc. 16, p. 2). Borskey was provided vitamins and Ensure for one week. (Doc. 16, p. 2). Borskey alleges his symptoms have worsened. Borskey claims he has made numerous additional sick calls, which have been ignored. (Doc. 16, p. 3).

Borskey was transferred to GPDF, where he complained of chest pain and numbness in his left arm and face. Borskey claims he was only provided aspirin, which did not help his symptoms.

In his amended complaint, Borskey raises a new claim challenging the length of a sentence previously imposed. Borskey also indicates that he has been transferred back to RPDC. (Doc. 5).

II. Law and Analysis

　　A. Borskey's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Borskey is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Borskey's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Borskey's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

2

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B.      Borskey's claims against GPDF officials are moot.

Borskey's complaint (Doc. 5) indicates that he is seeking injunctive relief. Borskey is no longer incarcerated at GPDF. Borskey's transfer from GPDF to RPDC moots his requests for injunctive relief against GPDF officials. See Wilson v. Texas Dept. of Criminal Justice, 544 Fed. Appx. 440, 440 (5th Cir. 2013) (per curiam) (affirming dismissal as moot claims for injunctive relief based on transfer of prisoner to another facility); Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (holding that an inmate's transfer from an offending institution normally "render[s] ... claims for declaratory and injunctive relief moot"); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991) (inmate's transfer to another prison rendered moot his claims for equitable relief in connection with allegedly unconstitutional deprivation of food at former prison).

C.  **Borskey does not state a claim for supervisory liability.**

Borskey names as defendants Nurse Cindy, of RPDC, as well as RPDC Wardens Dauzat and Ashley. Borskey does not present any factual allegations involving Defendants Dauzat and Ashley. To the extent that Borskey seeks to hold the wardens liable as supervisors, his claim fails. Supervisors may be held liable only if they affirmatively participate in acts that cause constitutional deprivations, or they implement unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). Borskey does not allege facts sufficient to state a claim for supervisory liability.

D.  **Borskey cannot obtain review of a prior conviction or sentence in a § 1983 action.**

To the extent that Borskey seeks to add a claim challenging the length of his previous sentence, the claim should be dismissed. Section 2254 is the proper vehicle for challenging the validity of a conviction or sentence. 28 U.S.C. § 2254(a).

III. **Conclusion**

For the foregoing reasons, IT IS RECOMMENDED that Borskey's claims against RPDC Wardens Dauzat and Ashley be DENIED AND DISMISSED, with prejudice. IT IS RECOMMENDED that Borskey's claims against Warden Bullock and Nurse Jason at GPDF, be DENIED AND DISMISSED, without prejudice, as Borskey is no longer incarcerated at that facility. Finally, IT IS RECOMMENDED that Borskey's challenge to his previous conviction or sentence be DISMISSED,

4

without prejudice. Borskey's claim for the denial of medical care by Nurse Cindy will be served pursuant to a separate order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 28th day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge